UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
US ALLIANCE FEDERAL CREDIT UNION,

              Plaintiff,

    *v.*

M/V KAMARA FAMILY a/k/a SOULSTICE, her engines, tackle, apparel, appurtenances, etc., having Official No. 1248827 and Hull Serial No. XAX40137E313, *in rem*; and RUSLAN AGARUNOV, *in personam*,

              Defendants.

REPORT & RECOMMENDATION
20-CV-1733-AMD-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff US Alliance Federal Credit Union ("Plaintiff") commenced this admiralty and maritime foreclosure action *in rem* against the M/V *Kamara Family*, a 2013 Azimut Cruiser Flybridge 40 (the "Vessel") and *in personam* against the Vessel's owner, Ruslan Agarunov ("Agarunov"). (Compl. to Foreclose a Preferred Ship's Mortgage and for Damages dated Apr. 6, 2020 ("Compl."), Dkt. No. 1, ¶¶ 7, 19, 25). Defendants failed to appear, and on December 30, 2020, Plaintiff moved for a default judgment and order of sale. (Mot. for Default dated Nov. 11, 2020, Dkt. No. 18). The Honorable Ann M. Donnelly referred the motion to the undersigned on January 4, 2021. (Order Respectfully Referring Mot. dated Jan. 4, 2021). For the reasons outlined below, the Court respectfully recommends the motion be denied without prejudice to renewal.

      As an initial matter, Local Civil Rule 7.1 provides that "all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion[.]" Loc. Civ. R. 7.1(a)(2). Plaintiff's motion does not cite to a single case or statutory authority explaining Plaintiff's entitlement to the relief sought. This warrants denial of the motion. *1077 Madison St., LLC v. N.Y.S. Dep't of Tax'n &*

*Fin.*, No. 19-CV-954, 2019 WL 7593275, at *3 (E.D.N.Y. Nov. 13, 2019) (recommending denial of a foreclosure on default where plaintiff failed to include a memorandum of law or citation to any legal authority), *report and recommendation adopted*, 2020 WL 249006 (Jan. 16, 2020).

The motion also has substantive defects. For one, the Local Admiralty Rules provide that "[a] party seeking a default judgment in an action in rem must satisfy the court that due notice of the action and arrest of the property has been given . . . [b]y service under Federal Rule of Civil Procedure 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property." Loc. Adm. R. C.3(a)(3). Plaintiff does not indicate in the Complaint or the motion whether any other person has an interest in the Vessel—for example, by virtue of a lien—and, if such persons exist, Plaintiff does not indicate whether service was completed.

Second, Plaintiff has failed to demonstrate entitlement to much of the relief, including the damages and fees, sought. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992). "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quoting *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, No 03-CV-7502, 2004 WL 2029908, at *3 (S.D.N.Y. Sept. 13, 2004)), *report and recommendation adopted*, 2012 WL 1354481 (Apr. 13, 2012). Here, in addition to the principal due under the mortgage, Plaintiff seeks (1) interest at a rate of $66.12 per day; (2) $500 in late charges; (3) $10,121.44 in

2

"[r]epossession/transportation" charges; (4) $6,886.16 in "[v]essel storage/equipment" charges; (5) attorney's fees; and (6) various costs related to the litigation, including the filing fee, fees to the U.S. Marshals Service, publication fees, and the costs of copying and mailing. (Aff. for J. by Default and Order of Sale dated Nov. 25, 2020, Dkt. No. 18, ¶ 24). Plaintiff offers no basis for its entitlement to any of this. It provides no documentation supporting the assertion that $313,735.22 remains due under the mortgage including, for example, any evidence of the past payments. It also provides no support for an award of interest, late charges, or attorney's fees and costs. The mortgage indicates that, upon default, Plaintiff is entitled to this relief "as allowed in the Note." (First Preferred Ships Mortgage dated Oct. 13, 2015, attached as Ex. D to Compl., Dkt. No. 1, ¶ 21). However, Plaintiff has not attached the Note to the Complaint or the motion for default judgment[1] and, as a result, the Court cannot determine Plaintiff's entitlement to any of this recovery.

Finally, even if attorney's fees are recoverable, Plaintiff's attorney's fee request is deficient. Plaintiff seeks reimbursement for hours worked by three attorneys—Steven Taitz, Linda D. Calder, and Angela Pesqueira—at an hourly rate of $300 per hour, $300 per hour, and $150 per hour, respectively. (Aff. in Supp. of Att'ys' Fees dated Nov. 11, 2020 ("Taitz Aff."), Dkt. No. 18, ¶ 2). However, Plaintiff provides no support for these hourly rates or the reasonableness of the hours expended. That is, Plaintiff does not indicate the experience or qualifications of these attorneys, and the Court, therefore, cannot determine whether the hourly rate is reasonable. *See, e.g., Hirsch v. Forum*

---

[1] The Complaint suggests that the Note, a Loan and Security Agreement dated October 2, 2015, is attached as Exhibit B to the Complaint. (Compl. ¶ 9). However, Exhibit B is a Bill of Sale between Agarunov and the Vessel's previous owners. (*See* Bill of Sale dated Oct. 9, 2015, attached as Ex. B to Compl, Dkt. No. 1).

3

*Daily Inc.*, No. 18-CV-6531, 2021 WL 1158562, at *6 (E.D.N.Y. Feb. 9, 2021) ("In assessing whether legal fees are reasonable, the Court determines the 'presumptively reasonable fee' for an attorney's services by examining what a reasonable client would be willing to pay.  To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. . . .  As for the reasonableness of the proposed hourly rate, courts examine the experience and qualifications of counsel seeking the fee award." (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008)) (citations omitted)), *report and recommendation adopted*, 2021 WL 1163153 (Mar. 26, 2021).

The attorney's fee request is also inappropriate in that Plaintiff seeks reimbursement for fees that it "expects to incur . . . in connection with the entry of a summary judgment; the execution thereof; sale, [and] entry of final judgment."  (Taitz Aff. ¶ 3).  "Courts in this District, however, typically do not award fees before they are incurred."  *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256, 2017 WL 6816486, at *5 (E.D.N.Y. Dec. 5, 2017), *report and recommendation adopted*, 2018 WL 317840 (Jan. 3, 2018). And, moreover, a default judgment is not "summary judgment."

For these reasons, the Court respectfully recommends that the motion for default judgment be denied without prejudice to renewal.  Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

4

magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision."). Plaintiff shall promptly serve a copy of this Report and Recommendation on Defendants and file proof of service on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara* April 16, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

5