UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**US ALLIANCE FEDERAL CREDIT UNION**,                           :
                                                                :
                Plaintiff,         :
                                                                :    **MEMORANDUM DECISION AND**
       – against –                                   :    **ORDER**
                                                                :
                                                                :    20-CV-1733 (AMD) (SJB)
**M/V KAMARA FAMILY** a/k/a **SOULSTICE**,                      :
her engines, tackle, apparel, appurtenances, etc.,              :
having Official No. 1248827 and Hull Serial No.                 :
XAX40137E313, *in rem*, and **RUSLAN**                          :
**AGARUNOV**, *in personam*,                                    :
                                                                :
                Defendants.
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On October 15, 2023, the parties executed a loan agreement (the "note") and mortgage on a maritime vessel (the "vessel") for $350,000, plus interest. (ECF No. 45 at 2.) The defendant Agarunov made payments until January 2020. When he defaulted, the plaintiff accelerated the remaining balance of the loan, plus applicable interest, and declared the entire sum of the note due and payable. (*Id.*) On April 8, 2020, the plaintiff sued the defendants for the outstanding balance of the note, plus interest, attorney's fees, and other costs. (ECF No. 1.) The defendants did not answer or otherwise appear.

      The Clerk of Court entered default against the defendants on December 28, 2020. (ECF No. 17.) On December 30, 2020, the plaintiff—through its counsel Taroff & Taitz, LLP ("Taitz")—filed a motion for default judgment. (ECF No. 18; *ECF Order dated January 4, 2021*). Judge Bulsara denied the motion because it was procedurally and substantively deficient. (ECF No. 17.) On May 13, 2021, the plaintiff filed a second motion for default judgment. (ECF No. 22; *ECF Order dated May 13, 2021*.) Judge Bulsara denied this motion as well because

plaintiff had not cured all the deficiencies Judge Bulsara identified in his first order, including the fact that the plaintiff did not attach the note to the complaint or cite authority to support its claim for damages. (ECF No. 29.)

On March 30, 2022, the plaintiff filed an amended complaint, properly attaching the note as an exhibit. (ECF No. 30.) The defendants did not answer or otherwise appear; as a result, the Clerk of Court entered a second default on July 5, 2022. (ECF No. 38.) The plaintiff retained new counsel—Chalos & Co., P.C. ("Chalos")—and filed a third motion for default judgment. (ECF No. 39; *ECF Order dated September 13, 2022*.) The plaintiff asserted *in rem* claims against the vessel and *in personam* claims against defendant Agarunov. (*ECF Order dated August 2, 2022*; ECF No. 44.) On August 16, 2023, Judge Bulsara issued a comprehensive Report and Recommendation, recommending that the plaintiff's third motion be granted in part and denied in part. (ECF No. 45.) On August 25, 2023, the plaintiff filed a "limited objection to preserve its right to a credit bid." (ECF No. 47.)

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014). While the plaintiff styled its August 25, 2023 filing as an objection, it does not actually object to any substantive part of Judge Bulsara's report. Indeed, it did not ask Judge Bulsara for permission to make a credit bid. Thus, Judge Bulsara can hardly be faulted for not granting a request that the plaintiff did not make. Under these circumstances, the Court liberally construes the plaintiff's objection as a request for permission to make a credit bid.

In his thorough and well-reasoned opinion, Judge Bulsara found that the defendants' default was willful, that the plaintiff would be prejudiced if the default judgment motion were denied, and that the defendants had no meritorious defense. (ECF No. 45 at 6–9.) Under *Enron Oil Corp. v. Diakuhara*, default judgment is therefore warranted. 10 F.3d 90, 95 (2d Cir. 1993).

Judge Bulsara recommended that this Court direct the U.S. Marshalls to sell the vessel "in accordance with the Supplemental and Local Admiralty Rules" and award the plaintiff $377,891.12—the outstanding principal on the note, plus interest and late fees—as well as prejudgment interest of $66.30 *per diem*, beginning from September 1, 2022, until the date on which judgment is entered. He also recommended that Chalos be awarded $9,330 in attorney's fees and $760 in additional costs.[1] To the extent that the sale of the vessel does not satisfy the plaintiff's award, Judge Bulsara recommended that the Court enter judgment against defendant Agarunov *in personam*.[2] Any excess amounts should be deposited with the Clerk of Court. (*Id.* at 26.)

I have carefully reviewed Judge Bulsara's meticulous and persuasive Report and Recommendation for clear error and find none. Accordingly, I adopt the Report and Recommendation in its entirety. The plaintiff's motion for default judgment is granted in part and denied in part consistent with the Report and Recommendation.

---

[1] Judge Bulsara declined to recommend that the Court grant the plaintiff's application for $16,852.50 in attorney's fees and costs for Taitz because Taitz did not submit an "affidavit and time records to substantiate [its fee] application" (ECF No. 45 at 18–19), and because both default judgment motions Taitz submitted were denied. The plaintiff does not challenge this recommendation. Indeed, it was reasonable. *See Oriska Corp. v. Garden Care Ctr., Inc.*, No. 21-CV-2010, 2022 WL 2834940, at *2 (E.D.N.Y. July 20, 2022); *DeMarco v. Ben Krupinski Gen. Contractor, Inc.*, No. 12-CV-573, 2014 WL 3696020, at *9 (E.D.N.Y. July 22, 2014) ("fees should not be awarded for time expended on an unsuccessful motion").

[2] Judge Bulsara concluded correctly that the note is a "preferred mortgage" under the Commercial Instruments and Maritimes Liens Act. (ECF No. 45 at 12.) Thus, the plaintiff "may enforce its [*in rem*] claim against the secured vessel" (*id.* at 10–11), and seek "judgment against [Agarunov] personally" to cover the balance of the plaintiff's judgment, if any (*id.* at 12, 26).

3

The plaintiff also requests permission to make a credit bid. That request is granted. *PMJ Capital Corp. v. Bauco*, 333 F.R.D. 309, 312 (S.D.N.Y. Sept. 30, 2019); *Seaborn Marina, Inc. v. M/V Priorities*, No. 11-CV-1591, 2017 WL 1131903, at *3-4 (E.D.N.Y. Feb. 21, 2017).

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        August 31, 2023